# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2008

Charles R. Fulbruge III
Clerk

No. 04-31197
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL HARRIS, also known as Twin

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-257-9

Consolidated with
No. 05-30337 and No. 05-30340

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Count 1 of an indictment charged Michael Harris, Robert Thomas, Johnny Graham, and others with conspiracy to possess with intent to distribute five kilograms or more of powder cocaine and 50 grams or more of crack cocaine. Other counts of the indictment alleged related crimes. After four days of trial,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris signed a written plea agreement providing that the Government would agree to a ten-year sentence in exchange for his pleading guilty to Count 1 and to a charge of using a communication device to facilitate the conspiracy. The court accepted the plea and adjudged Harris guilty. Six weeks later, Harris asked to withdraw his plea. His attorney believed that such a request was not warranted and was against his client's interests. Accordingly, his attorney requested a status conference because Harris wished to withdraw his plea, appeared at the status conference, explained the situation and then requested that the court hear directly from Harris as to his reasons for seeking to withdraw the plea. Harris addressed the court directly. The court denied the motion to withdraw the plea and later sentenced him to ten years of imprisonment; ten years was the amount requested in the plea agreement and was less than the guidelines range calculated in the Pre-sentence Report.

Without a written agreement, Thomas pleaded guilty to Count 1. He also pleaded guilty to attempting to possess with intent to distribute between 500 grams and 5 kilograms of powder cocaine and to using a communication device to facilitate the conspiracy. In a written factual basis, Thomas admitted only to trafficking in cocaine powder under Count 1 and made no mention of crack. Thomas's presentence report (PSR) nonetheless calculated a sentence based on relevant conduct that included trafficking in crack. The court sentenced Thomas to 18 years of imprisonment, below the advisory guidelines minimum of 30 years.

Also without a written agreement, Graham pleaded guilty to Count 1. Graham's factual basis, like Thomas's, mentioned only powder cocaine and did not mention crack. As part of sentencing, the court considered the relevant conduct of trafficking in crack and sentenced Graham to 25 years, below the advisory guidelines minimum sentence of 30 years.

All three defendants filed timely notices of appeal. Their appeals have been consolidated.

Michael Harris

Harris contends that he was deprived of counsel because his lawyer refused to argue for withdrawal of his guilty plea. Because the lawyer believed Harris's plea agreement was good for Harris, he did not argue for withdrawal but stood by while Harris argued for withdrawal. Although Harris couches his claim as a denial of counsel, it is, in substance, a claim of ineffective assistance of counsel. As a general rule, we do not review claims of ineffective assistance of counsel for the first time on direct appeal. United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001). "[A] claim of ineffective assistance of counsel generally cannot be addressed on direct appeal unless the claim has been presented to the district court; otherwise there is no opportunity for the development of an adequate record on the merits of that serious allegation." United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). The record is not sufficiently developed to allow resolution of Harris's claim on direct appeal. Therefore we decline to address this claim on direct appeal. See Navejar, 963 F.2d at 735.

Robert Thomas

Thomas contends that he was entitled to credit for acceptance of responsibility. He argues that he admitted the essential elements of the powder cocaine offense charged in Count 1 of the indictment and that he was not required to admit trafficking in crack cocaine as also charged in Count 1.

The sentencing court's decision not to give credit for acceptance of responsibility will be affirmed unless it is "'without foundation,' a standard of review more deferential than the clearly erroneous standard." United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999). Although a guilty plea is a factor to be considered in determining the adjustment for acceptance of responsibility, the defendant is not entitled to the adjustment as a matter of right. U.S.S.G. § 3E1.1 comment (n.3). "[A] defendant is not required to volunteer, or affirmatively

admit, relevant conduct beyond the offense of conviction" in order to receive credit for accepting responsibility U.S.S.G. § 3E1.1, comment. (n.1(a)). "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id.

Thomas contends that he is not required to admit to "all points asserted by the government with regard to any and all criminal conduct." We agree. However, the conduct in question here was not "extrinsic" to the cocaine offense to which he pleaded guilty, but rather part and parcel of it.

The district court recited the Guideline and application note and showed that it was well familiar with the entire conspiracy case, having "taken 23 guilty pleas, heard part of a trial and done some sentencing." The district court found it "frivolous" for the defendants "to put the [G]overnment through the hoops" by objecting to the relevant conduct of crack trafficking, where evidence adduced at sentencing, in the pleas of numerous other defendants, and in Harris's abbreviated trial made it "real obvious" that the conspiracy involved large amounts of crack. There is an ample foundation for the district court's conclusion that Thomas's challenge to the relevant conduct was "frivolous and not acceptance of responsibility contemplated by the guideline." This contention lacks merit.

Thomas also urges this court to vacate his sentence in light of Guideline Amendment 706 that reduces the offense level for crimes involving crack cocaine. We decline to address this issue because it is best left to the discretion of the sentencing court in the first instance in a motion brought under 18 U.S.C. § 3582(c)(2). See United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998). Our ruling is without prejudice to his right to seek relief from the district court on this point.

Johnny Graham

Graham contends that his plea was invalid because he pleaded guilty only to the powder cocaine "half" of Count 1 and did not admit guilt to trafficking in crack cocaine. He also contends that his sentence was unlawful because it was based on relevant conduct.

It is not significant that Graham admitted trafficking only in powder cocaine while Count 1 charged trafficking in cocaine and crack. If the Government conjunctively charges alternate elements or means of committing a crime, the crime is established if one of those alternative elements is admitted or proved. Omari v. Gonzales, 419 F.3d 303, 309 n. 10 (5th Cir. 2005); United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996).

Moreover, as long as the defendant understands the maximum potential sentence, he is fully aware of the plea's consequences, and his guilty plea will be upheld. United States v. Jones, 905 F.2d 867, 868-69 (5th Cir. 1990). Graham pleaded guilty to conspiring to traffic in at least five kilograms of powder cocaine. The district court correctly advised him that the statutory maximum term of imprisonment for that crime was life in prison; the additional allegation of 50 grams or more of crack cocaine had no effect on the statutory sentencing range. Because Graham was aware of the maximum sentence, his plea was not rendered involuntary by his refusal to admit relevant conduct or by any belief that his sentence would not be based on relevant conduct. See Jones, 905 F.2d at 868-69.

Graham also contends that he could not lawfully be sentenced based on relevant conduct involving crack because he did not admit that conduct. Under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, a fact must be admitted by the defendant or proved beyond a reasonable doubt if that fact is needed to support a sentence exceeding the statutory maximum sentence. United States v. Booker, 543 U.S. 220, 231 (2005). Apprendi does not apply to

"a fact used in sentencing that does not increase a penalty beyond the statutory maximum." United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000). Graham was sentenced below the statutory maximum sentence. Accordingly, Apprendi did not prohibit the district court from determining the drug amount relevant to sentencing under the Guidelines. See United States v. McWaine, 290 F.3d 269, 274 (5th Cir. 2002). Graham's below-guideline sentence based on relevant conduct as found by the sentencing judge is valid.

For the foregoing reasons, the judgments of the district court are AFFIRMED.