# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2013

No. 12-30247

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMMETT L. MINOR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:

Appellant Minor was sentenced pursuant to a guilty plea to 120 months in prison and a five-year term of supervised release for one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base or crack cocaine. 21 U.S.C. § 846. He signed a factual basis for the plea agreement that admitted he delivered five kilograms of cocaine powder that co-defendants then converted into crack. Now on appeal, he challenges the court's alleged failure to rule on his pro se request to withdraw the guilty plea and seeks re-sentencing under the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), based on *Dorsey v. United States*, 132 S. Ct. 2321 (2012). We reject both contentions.

### 1. Withdrawal of Guilty Plea

According to Minor, he entered his May 2011 guilty plea unwillingly, regretted having pled within a short time after testifying the plea was voluntary, and discussed these views with his court-appointed counsel Mr. Harville on numerous occasions. Nothing out of the ordinary appears in the documents supporting the plea agreement or in the testimony Minor gave that persuaded the magistrate judge to recommend acceptance of the plea, and there were no omissions in the plea colloquy. The court accepted the plea in June.

Minor's attempt to withdraw his plea appears in two letters written pro se to the district judge that also expressed unhappiness with his counsel. The matter culminated at a hearing on November 7, 2011, in which the court took up, first, Minor's request to have alternative counsel appointed, and second, whether to hear the motion to withdraw the guilty plea. The court fully advised Minor of the considerations surrounding its decision whether to permit counsel's withdrawal, and then heard testimony from Minor and the lawyer. The government was present but had nothing to say. After hearing all of Minor's complaints, and counsel's response, the court denied the motion to appoint substitute counsel. The court then rejected Minor's pro se motion to withdraw the guilty plea because, being represented by counsel, he had no right to hybrid representation and thus no right to file a motion in his own behalf.

As an epilogue to these events, the court rescheduled Minor's sentencing not once but twice more. At one subsequent hearing, Minor was allowed to dismiss Harville, with the option either to retain another lawyer or represent himself. Minor, fully advised, proceeded to sentencing pro se. Minor never renewed the motion to withdraw his guilty plea.

Represented by adroit court-appointed counsel on appeal, Minor asserts that he had a right to attempt to withdraw his guilty plea and a plausible basis for doing so, and counsel's refusal to file the motion deprived him of counsel

No. 12-30247

within the meaning of the Sixth Amendment.  We see this claim much more narrowly.[1]  18 U.S.C. § 3006A(c) provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings."  Here, the court fulfilled its duty to examine whether Minor had provided sufficient grounds for such a substitution and concluded he had not. We review this decision for abuse of discretion, *United States v. Simpson*, 685 F.3d 300 (5th Cir. 2011), and find none.  From what the transcript and record reveal, the judge had ample reason to consider that Minor's counsel appeared to have secured an extremely favorable plea deal that lessened, by many years, the potential sentence to which he might have otherwise been exposed.  The government, for instance, had withdrawn a Section 851 notice of penalty enhancement regarding one of his prior felony drug convictions.

Further, the court had every reason to believe that Minor's counsel had taken appropriate steps to determine there were no grounds to sustain the withdrawal of the plea agreement.  "[I]t is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence." *United States*

---

[1] Thus, while we may assume arguendo that the filing of a motion to withdraw a guilty plea stands on the same "critical" footing as does the initial decision to plead, and therefore Minor was entitled to court-appointed counsel at this juncture, the cases he cites are distinguishable.  In those cases, counsel was allowed to withdraw (literally or functionally), and no intervening counsel was appointed when the defendant was forced to pursue pro se motions.  *See Forbes v. United States*, 574 F.3d 101 (2d Cir. 2009); *United States v. Segarra–Rivera*, 473 F.3d 381 (1st Cir. 2007); *United States v. Garrett*, 90 F.3d 210 (7th Cir. 1996); *United States v. Crowley*, 529 F.2d 1066 (3d Cir. 1976); *United States v. Joslin*, 434 F.2d 526 (D.C. Cir. 1970).

*See also United States v. Robles*, 445 F. App'x 771, 778 (5th Cir. 2011) (citing the foregoing cases and stating that this court assumes "that the hearing on a motion to withdraw a guilty plea [i]s a critical stage of the proceedings requiring the right to counsel"); *United States v. Presley*, 415 F. App'x 563, 568 (5th Cir. 2011) (same).  In *United States v. Harris,* 304 F. Appx 270 (5th Cir. 2008)(unpublished), we treated a nearly identical claim as raising a Sixth Amendment ineffectiveness claim, which this court rarely reviews on direct appeal. We cite these non-precedential cases from the Fifth Circuit to show only the consistency of our decisions.  The instant case is published and precedential to confirm our approach.

3

No. 12-30247

*v. Carr*, 740 F. 2d 339, 344 (5th Cir. 1984). "The standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether 'for any reason the granting of the privilege seems fair and just.' Federal courts have uniformly applied this well established standard." *Id*. at 343 (citations omitted). The testimony of Minor and his attorney at the hearing do not reveal any basis for concluding that, even with counsel's assistance, Minor would have been able to show that "fair[ness] and just[ice]" required that he be allowed to withdraw his guilty plea. *See id*. Minor's protestation of "innocence" was unrealistic and unsupported. Additionally, Minor did not aid counsel in finding how the other criteria for withdrawal of a plea could be satisfied. *See id*. at 434-44 (discussing factors to be considered).

Because Minor was represented throughout the pertinent proceedings, he did not suffer from an absence of counsel. *United States v. Cronic*, 466 U.S. 648, 658–61, 656 n.19, 104 S. Ct. 2039, 2046–48, 2045 n.19 (1984). The only potentially meritorious issue arising from this course of events is whether counsel's refusal to file the motion was in fact constitutionally deficient and prejudiced Minor. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). We need not finally resolve that issue in order to conclude that the judge's decision, as far as it went, was soundly based. Minor will have to file a Section 2255 petition in order to explore the ineffectiveness claim properly.

## 2.    Fair Sentencing Act

This contention is reviewed for plain error, as the defendant failed to object to his sentence based on the changes wrought in crack cocaine sentences under the Fair Sentencing Act, 124 Stat. 2372. However, there is no error, because Minor's factual stipulation attending his guilty plea acknowledged his participation in the conspiracy by distribution of cocaine powder alone (with its conversion to crack by other defendants). Further, Minor's sentence was actually calculated using only powder cocaine ranges rather than those

No.  12-30247

applicable to crack.  The FSA does not apply to sentences involving powder cocaine.

For the foregoing reasons, the judgment and sentence are **AFFIRMED**.