[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 15-14347 and 18-11604
_____

D.C. Docket Nos. 8:12-cv-00322-JDW-EAJ; 8:12-cv-00322-JDW-AAS

WILLIE SETH CRAIN, JR.,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.
_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 22, 2019)

Before TJOFLAT, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Willie Seth Crain, Jr., a prisoner represented by counsel in the

District Court for his proceedings under 28 U.S.C. § 2254, moved *pro se* for leave

to file an amended motion for appointment of independent counsel and again

moved *pro se* for appointment of independent supplemental or substitute counsel. The Court denied the first motion on July 22, 2015 and struck the second on February 8, 2018. Both appeals are currently pending before this Court. *See Crain v. Sec'y, Fla. Dep't of Corr.*, No. 15-14347-P (11th Cir. filed Sept. 28, 2015); *Crain v. Sec'y, Fla. Dep't of Corr.*, No. 18-11604-P (11th Cir. filed April 12, 2018). We dismiss both appeals for lack of subject-matter jurisdiction because a motion to substitute counsel is not an appealable order under 28 U.S.C. § 1291 or *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949).

The motions are not appealable under § 1291 because Crain's proceedings under § 2254 are still pending.[1]

To fall within the collateral-order doctrine, an order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375, 101 S. Ct. 669, 674 (1981) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458 (1978)).

---

[1] This case, then, is not like *Harbison v. Bell*, 556 U.S. 180, 129 S. Ct. 1481 (2009), where the Supreme Court held that a § 2254 petitioner's motion to authorize already-appointed counsel to represent him in *state clemency proceedings* was "clearly an appealable order under 28 U.S.C. § 1291." *Id.* at 183, 129 S. Ct. at 1485. There, the district court had already denied the petitioner's § 2254 petition, *id.* at 182, 129 S. Ct. at 1484, so nothing remained for the court to do. *See also Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1258 (11th Cir. 2014) (applying *Harbison*).

2

A motion to substitute counsel does not fall within the doctrine because the decision would not otherwise be unreviewable.  Were the District Court to deny Crain's § 2254 petition on the merits, we could also review its decision to deny his motions to substitute counsel.  *See Brown v. United States*, 720 F.3d 1316, 1336 (11th Cir. 2013) (reviewing simultaneously the denial of a § 2255 petition and the denial of a motion to withdraw "conflict-encumbered counsel").  In the criminal context, the "unreviewability" element goes unmet when the relief one is entitled to "would be largely satisfied by an acquittal resulting from the prosecution's failure to carry its burden of proof."  *Flanagan v. United States*, 465 U.S. 259, 267, 104 S. Ct. 1051, 1056 (1984) (quoting *United States v. MacDonald*, 435 U.S. 850, 859, 98 S. Ct. 1547, 1552 (1978)).  Though habeas proceedings are civil in nature, *see Debruce v. Comm'r, Ala. Dep't of Corr.*, 758 F.3d 1263, 1294 (11th Cir. 2014), the same principle holds: if Crain could eventually obtain release from, what he alleges to be, unconstitutional confinement, nothing about the Court's decision is unreviewable.  This case, then, is unlike the denial of a pre-trial motion to reduce bail, where the order becomes moot if review must await conviction and sentence, or a motion to dismiss an indictment under the Double Jeopardy or Speech or Debate Clauses, which provide immunity from prosecution, because here, there is no risk of "irretrievabl[e] los[s]."  *Id.* at 266, 104 S. Ct. at 1055.

3

Of course, we do not write on a blank slate.  In *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 944 (11th Cir. 2014), this Court collaterally reviewed a district court's denial of a § 2254 petitioner's motion to substitute counsel. Because the Court did not address subject-matter jurisdiction, however, we are not bound by that holding under our prior-panel rule.  *See Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 475 F.3d 1228, 1231 (11th Cir. 2007) ("[W]e are not bound by a prior decision's *sub silentio* treatment of a jurisdictional question." (quoting *Okongwu v. Reno*, 229 F.3d 1327, 1330 (11th Cir.2000))).  And we are confident that the denial of a motion to substitute counsel is not within the "narrow exception" to the final-judgment rule.  *Flanagan*, 465 U.S. at 265, 104 S. Ct. at 1055 (quoting *Risjord*, 449 U.S. at 374, 101 S. Ct. at 673).

For these reasons, the above-mentioned appeals are **DISMISSED** for lack of subject-matter jurisdiction.

**SO ORDERED.**

4