# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-40686

Billy Tracy,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:20-CV-156

Before Clement, Graves, and Costa, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Primarily at issue is whether our court has jurisdiction under the collateral-order doctrine over an appeal challenging the denial of a *pro se* motion to substitute federal habeas counsel. We do not. This case is therefore DISMISSED.

## I. FACTUAL HISTORY

Billy Joel Tracy was convicted of capital murder and sentenced to death for killing a correctional officer at the Telford Unit of the Texas

No. 21-40686

Department of Corrections. His conviction and sentence were subsequently affirmed on direct appeal. *Tracy v. State*, 597 S.W.3d 502, 508, 516 (Tex. Crim. App. 2020). He sought unsuccessfully state post-conviction relief. *Ex parte Tracy*, No. WR-86,669-02, 2020 WL 5808144, at *1 (Tex. Crim. App. Sept. 30, 2020) (denying application).

Tracy then filed, through state habeas counsel, a motion for appointment of counsel, under 18 U.S.C. § 3599(a)(2) (counsel for financially unable defendants), to assist him in preparing a petition for federal habeas relief. He specifically requested the appointment of an attorney located in Pennsylvania and the Capital Habeas Unit of the Western District of Texas. He contended both were qualified to represent him. The district court granted the motion, in part, but declined to appoint Tracy's requested counsel. Instead, the court appointed an attorney that Tracy had not requested in his motion, and later appointed as co-counsel another attorney Tracy had not requested.

In July 2021, Tracy filed a *pro se* motion to substitute his court-appointed counsel under § 3599, asserting, *inter alia*: a "complete lack of adequate representation and failure to communicate"; and the counsel he had initially requested the court appoint were "much better qualified." In addition to renewing his request for the court to appoint his previously requested counsel, he also asked the court to appoint his state habeas counsel.

The court denied Tracy's motion, holding he had not offered a sufficient basis for substituting counsel because the court appointed conflict-free counsel who were competent to handle death-penalty matters. The court noted that it would not appoint Tracy's "potentially conflicted" state habeas counsel to represent him in his federal habeas proceeding.

No. 21-40686

Tracy appealed the court's interlocutory order. After filing his notice of appeal, he filed, through his court-appointed counsel, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

## II. DISCUSSION

The salient issue is whether our court has jurisdiction under the collateral-order doctrine to review the denial of Tracy's *pro se* motion to substitute federal habeas counsel. No authority need be cited for the well-settled proposition that our court has jurisdiction to determine our own jurisdiction.

Tracy asserts our court has jurisdiction under the collateral-order doctrine because, although the court's order is not final, it satisfies all three of the doctrine's requirements and delaying appellate review would harm his right to counsel under § 3599. Director Lumpkin counters, *inter alia*, the collateral-order doctrine does not vest our court with jurisdiction.

Our court has jurisdiction generally over *final* decisions of a district court. 28 U.S.C. § 1291; *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 170–71 (5th Cir. 2009) (noting "there has been a firm congressional policy against interlocutory or 'piecemeal' appeals" (citation omitted)). Our authority to review district-court decisions under § 1291 "includes appellate jurisdiction over a narrow class of decisions that do not terminate the litigation, but are sufficiently important and collateral to the merits that they should nonetheless be treated as final[.]" *Will v. Hallock*, 546 U.S. 345, 347 (2006) (citation omitted).

This narrow rule is called the collateral-order doctrine. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). Under that rule, non-final orders are immediately appealable if they: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "[are] effectively unreviewable on

3

No. 21-40686

appeal from a final judgment[.]" *Will*, 546 U.S. at 349 (citation omitted); *Kershaw v. Shalala*, 9 F.3d 11, 14 (5th Cir. 1993). The doctrine serves as a "practical construction" of § 1291 and, accordingly, "do[es] not go against the grain of § 1291, with its object of efficient administration of justice in the federal courts." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994) (describing doctrine's prongs as "stringent").

Our court has not decided previously whether the denial of a motion to substitute federal habeas counsel is reviewable under the collateral-order doctrine. We need not consider whether the court's order satisfies the first two prongs of the doctrine because, even assuming it does, the third prong—that the order "be 'effectively unreviewable' [on appeal from a] final judgment"—is not satisfied. *See id.* at 869.

The effectively unreviewable prong hinges on "whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (citation omitted). This prong is narrow, however, because "almost every . . . order might be called 'effectively unreviewable' in the sense that relief from error can never extend to rewriting history." *Digit. Equip. Corp.*, 511 U.S. at 872. Accordingly, a non-final decision is not "effectively unreviewable" if it "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment." *Mohawk*, 558 U.S. at 107 (quoting *Digit. Equip. Corp.*, 511 U.S. at 872).

Tracy's challenge to the denial of his *pro se* motion to substitute federal habeas counsel would not be effectively unreviewable on appeal from a final judgment. Certainly, our court has reviewed challenges to the denial of a motion to substitute counsel on appeal from a final judgment. *E.g.*, *United States v. Minor*, 714 F.3d 319 (5th Cir. 2013) (per curiam) (reviewing

challenge under 18 U.S.C. § 3006A(c)); *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007) (reviewing challenge that court failed to appoint unconflicted counsel). And, the Eleventh Circuit has spoken on the issue raised by Tracy, holding that a motion to substitute habeas counsel in a § 2254 proceeding is not reviewable under the collateral-order doctrine. *See Crain v. Sec'y, Fla. Dept. of Corr.*, 918 F.3d 1294, 1296 (11th Cir. 2019) (per curiam).

We have held that a motion to appoint counsel in a proceeding for habeas relief under 28 U.S.C. § 2254 does not fall within the collateral order doctrine because the decision is not unreviewable on appeal. *Thomas v. Scott*, 47 F.3d 713, 715–16 (5th Cir. 1995) (noting "special aspect of habeas corpus litigation is the general requirement that it be promptly disposed of" and "[i]nterlocutory appeals can only serve to delay disposition of such cases"). The Supreme Court has held the same is true for the denial of a motion to disqualify counsel in a civil proceeding. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). The following also fail to meet the collateral-order doctrine's requirements: an order granting disqualification of counsel in a civil proceeding, *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985); and an order denying disqualification of counsel in a criminal proceeding, *Flanagan v. United States*, 465 U.S. 259 (1984) (noting departure from final-judgment rule permissible "only when observance of it would practically defeat the right to any review at all" (citation omitted)). Analogous precedent supports the conclusion that the order here does not fall within the scope of the collateral order doctrine.

## III. CONCLUSION

Our court lacks jurisdiction under the collateral-order doctrine to review the denial of Tracy's *pro se* motion to substitute his federal habeas counsel.

DISMISSED.