# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2022

Lyle W. Cayce
Clerk

No. 22-20279

Clifford F. Tuttle, Jr., *as Representative of the Estate of Dennis W. Tuttle, Deceased*; Robert Tuttle; Ryan Tuttle; Jo Ann Nicholas; John Nicholas,

*Plaintiffs—Appellees*,

*versus*

Eric Sepolio; Manuel Salazar; Thomas Wood; Oscar Pardo; Frank Medina; Clemente Reyna; Cedell Lovings; Nadeem Ashraf; Marsha Todd; Robert Gonzales,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-cv-270

Before Richman, *Chief Judge*, and Elrod and Oldham, *Circuit Judges*.
Per Curiam:*

Officer Eric Sepolio and several other Houston Police Department employees appeal the district court's order allowing Plaintiffs to take four

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

depositions relating to their claims brought under 42 U.S.C. § 1983. The parties dispute whether the district court ruled on the Officers' motions to dismiss, in which the Officers assert qualified immunity among other things. The order provides in pertinent part:

> The Court now finds that Plaintiffs have stated sufficient facts in their Amended Complaint to overcome assertions of qualified immunity by Defendants Reyna, Todd, Gonzales, Gallegos, Ashraf, Lovings, Medina, Pardo, Wood, Salazar, and Sepolio against Plaintiffs' claims based on excessive force, lack of probable cause, and supervisory liability, but the Court is unable to rule on said immunity defenses without further clarification of the facts. . . . The parties shall notify the Court when the depositions have been completed, following which the Court will enter a briefing schedule relating to the motions to dismiss.

According to the Plaintiffs, the district court declined to rule on the qualified-immunity defenses presented in the Officers' motions to dismiss with respect to Plaintiffs' claims based on excessive force, lack of probable cause, and supervisory liability. The Plaintiffs also maintain that the district court did not rule on the qualified-immunity defenses asserted with respect to Plaintiffs' other claims. The Officers disagree, and ask this court to review the merits of the defenses with respect to each claim.

Of course, we lack jurisdiction to review the merits of the Officers' qualified-immunity defenses unless the district court has ruled on them. But we always have authority to consider our jurisdiction. *E.g.*, *Tracy v. Lumpkin*, 43 F.4th 473, 475 (5th Cir. 2022) ("No authority need be cited for the well-settled proposition that our court has jurisdiction to determine our own jurisdiction."). And so out of an abundance of caution, we return this case to

the district court for the limited purpose of determining the construction of the order at issue, and thus the extent of our jurisdiction in this appeal.

Therefore, this case is REMANDED to the district court for the following exclusive purposes. First, the district court is instructed to clarify whether it ruled on the qualified-immunity defenses presented in the Officers' motions to dismiss—both with respect to Plaintiffs' claims based on excessive force, lack of probable cause, and supervisory liability and with respect to any other claims against which the defense was asserted. The district court must issue this clarification within seven days from the filing of this opinion. Second, because a defendant's entitlement to qualified immunity must be decided "at the earliest possible stage of the litigation," *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021), if the district court has not ruled on the Officers' qualified-immunity defenses with respect to each claim against which the defense was asserted, the district court must rule on each pending defense within thirty days from the filing of this opinion. In the event that this ruling is necessary, the district court must do so without allowing discovery.

In closing, we note that in briefing and at oral argument, Plaintiffs requested that this case be remanded to the district court to allow them to dismiss their claims against the Officers without prejudice and proceed against the City of Houston only. We reiterate that this limited remand is restricted to the actions listed above and is not for the purpose of allowing the Plaintiffs to dismiss their claims against the Officers without prejudice, or to allow discovery to proceed.

REMANDED WITH INSTRUCTIONS.

THIS IS A LIMITED REMAND.