# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30841
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Gabriel Allen-Shinn,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-112-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Christopher Gabriel Allen-Shinn was sentenced to 210 months of imprisonment after pleading guilty, pursuant to a plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Allen-Shinn contends that the district court abused its discretion in denying his constructive motion to withdraw his guilty plea and in failing to hold an

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidentiary hearing on his motion. He also argues that he was deprived of his right to counsel when he attempted to withdraw his plea based on a pro se motion.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). After a plea is accepted, but before sentencing, a district court may allow withdrawal of a guilty plea if "the defendant can show a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). In evaluating whether the defendant has demonstrated a fair and just reason for withdrawing a guilty plea, we consider:

> (1) whether or not the defendant has asserted his innocence;
> (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (footnotes omitted). No single factor is determinative, and the evaluation of whether there is a fair and just reason for withdrawing a plea is based on a totality of the circumstances. *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020).

Despite Allen-Shinn's assertions to the contrary, he has failed to demonstrate that the district court abused its discretion in denying his motion to withdraw his plea based on the totality of the circumstances. *See*

*id.* In particular, the record reflects that he received close assistance of counsel given that his attorney was available throughout the proceedings and Allen-Shinn expressed satisfaction with his counsel's performance. *See Lord*, 915 F.3d at 1016. His guilty plea was also knowing and voluntary as he confirmed that he understood the nature of the charges against him, the consequences of his plea, and the nature of the constitutional protections that he was waiving. *See Strother*, 977 F.3d at 445. Moreover, he waited more than one year before attempting to withdraw his plea, *see Carr*, 740 F.2d at 345, and he has not shown any abuse of discretion in the district court's finding that withdrawal would waste judicial resources and inconvenience the court, *see Lord*, 915 F.3d at 1015. Finally, as Allen-Shinn concedes, he has not asserted his innocence.

We also review a district court's decision not to hold an evidentiary hearing on a motion to withdraw a guilty plea for abuse of discretion. *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015). While a defendant is not entitled to a hearing, "a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (internal quotation marks and citation omitted). Because Allen-Shinn failed to allege facts that would "clearly tip" the totality of the *Carr* factors in his favor, the district court did not abuse its discretion in failing to conduct an evidentiary hearing on the motion to withdraw. *Harrison*, 777 F.3d at 234 (internal quotation marks and citation omitted).

Finally, Allen-Shinn argues that he was deprived of his right to counsel when the district court treated his letter to the court as a pro se motion to withdraw his plea without going through the process to ensure that he was knowingly waiving his right to counsel and unequivocally requesting to proceed pro se. No specific showing of prejudice is required to establish a Sixth Amendment violation when a criminal defendant is denied assistance

of counsel during a critical stage of the proceedings. *United States v. Cronic*, 466 U.S. 648, 658-59 (1984).

Assuming arguendo that Allen-Shinn's motion to withdraw his plea was a critical stage of the criminal process at which the Sixth Amendment right to counsel attached, *see United States v. Minor*, 714 F.3d 319, 321 n.1 (5th Cir. 2013), he nevertheless "did not suffer from an absence of counsel" as he "was represented throughout the pertinent proceedings," *id.* at 322. In fact, retained counsel was present during the hearing at which the motion to withdraw was considered, and Allen-Shinn confirmed that he wished for that counsel to continue to represent him both before and after the district court addressed his request to withdraw his plea. Moreover, the record reflects that counsel advised Allen-Shinn that withdrawing his plea to pursue a motion to suppress lacked a good faith basis in law or fact and that, even if the search were invalid, there would still be sufficient evidence in support of his conviction. Significantly, counsel has no obligation to file frivolous motions. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

In substance, Allen-Shinn's argument is an allegation of ineffective assistance of counsel. *See Minor*, 714 F.3d at 322. We generally do not review on direct appeal claims of ineffective assistance of counsel that were not raised in the district court because there was no opportunity "to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (citation omitted). Since Allen-Shinn's ineffective assistance claim was not "previously presented to the trial court," it "should not be litigated on direct appeal." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (citation omitted). We therefore decline to consider this claim without prejudice to collateral review.

In light of the foregoing, the judgment is AFFIRMED.