# United States Court of Appeals for the Fifth Circuit

---

No. 24-40350
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2024

Lyle W. Cayce
Clerk

James Logan Diez,

*Plaintiff—Appellant*,

*versus*

Texas Department of Criminal Justice; McConnell Unit
Mailroom Supervisor Ms. Salles; McConnell Unit
Unknown Mailroom Staff; Texas Prison Board;
Director of Mail Services Coordinator Panel for
TDCJ; Executive Director of TDCJ,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CV-269

---

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

James Logan Diez, Texas prisoner # 2399291, has appealed from the district court's order dismissing in part the claims presented in his 42 U.S.C.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40350

§ 1983 complaint. The district court found that some of Diez's claims should be dismissed without prejudice as barred by the Eleventh Amendment, some of his claims should be dismissed with prejudice as frivolous or for failure to state a claim, and other claims should proceed because Diez alleged adequate facts to warrant further consideration. Diez seeks to challenge the conclusion that some of his claims were barred by the Eleventh Amendment.

As a threshold matter, we must consider whether we have jurisdiction to review the appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The district court's order did not resolve all of Diez's claims and therefore is not a final judgment for purposes of 28 U.S.C. § 1291. *See Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012). Moreover, the order does not evince an unmistakable intent to enter a final, appealable judgment under Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b); *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). Further, the Eleventh Amendment ruling does not fit within the categories of appealable interlocutory orders listed in 28 U.S.C. § 1292(a), and the district court did not certify that the order was appealable pursuant to § 1292(b). Finally, the collateral-order doctrine is inapplicable because the district court's order did not conclusively resolve disputed issues that are separate from the merits and that could not be reviewed on appeal from a final judgment. *See Tracy v. Lumpkin*, 43 F.4th 473, 475 (5th Cir. 2022); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 467-68 (5th Cir. 1999).

Accordingly, the appeal is DISMISSED for lack of jurisdiction.