# United States Court of Appeals for the Fifth Circuit

No. 23-11177
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2024

Lyle W. Cayce
Clerk

THEOTIS LEE HODGE,

*Plaintiff—Appellant*,

*versus*

DUSTIN ZIMMERMAN, *Correctional Officer V, Sergeant*; JAMES JUDD, *Captain*; JAMES VILLEGAS, *Major*; SHELIA BRISCOE; STEPHANIE PATTON, *Head Grievance Investigator*; JUSTIN PEREZ, *Counsel Substitute*; VICKIE BROWN, *Counsel Substitute II*; AMY GARCIA, *Head of Classification*; ANGELIQUE TURNER, GRIEVANCE; TIMOTHY HOOPER, *Assistant Warden*; KIM MASSEY, *Classification*; J. RILLEY, *Central Grievance Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CV-200

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-11177

Theotis Lee Hodge, Texas prisoner # 504582, appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 claims against a defendant for failure to serve her within 120 days of filing the complaint and the magistrate judge's order denying his motion for appointment of counsel or an investigator.

As a threshold matter, we must consider whether we have jurisdiction to review the appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The district court's order dismissing the defendant without prejudice did not resolve all of Hodge's claims against the remaining defendants and, therefore, it is not a final judgment for purposes of 28 U.S.C. § 1291. *See Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012). Moreover, the order does not evince an unmistakable intent to enter a final, appealable judgment under Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b); *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). The order does not fit within the categories of appealable interlocutory orders listed in 28 U.S.C. § 1292(a), and the district court did not certify that the order was appealable pursuant to 28 U.S.C. § 1292(b). Finally, the collateral-order doctrine is inapplicable because the district court's order did not conclusively resolve disputed issues that are separate from the merits and that could not be reviewed on appeal from a final judgment. *See Tracy v. Lumpkin*, 43 F.4th 473, 475 (5th Cir. 2022).

We also lack jurisdiction to consider the magistrate judge's denial of the motion for appointment of counsel or an investigator because Hodge did not file a notice of appeal from that order, *see* Fed. R. App. P. 4(a)(1), and the parties did not consent to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c), *see Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021).

Accordingly, the appeal is DISMISSED for lack of jurisdiction.