# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-20007
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2025

Lyle W. Cayce
Clerk

ELIMELECH SHMI HEBREW,

*Plaintiff—Appellant*,

*versus*

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2929

———————————————————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:*

In 2021, pro se Plaintiff-Appellant Elimelech Shmi Hebrew sued Defendant-Appellee Texas Department of Criminal Justice (TDCJ), alleging religious-discrimination and failure-to-accommodate claims under Title VII. At TDCJ's urging, the district court granted summary judgment and dismissed Hebrew's claims with prejudice. Hebrew appealed. On

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20007

September 15, 2023, this court reversed the summary judgment, remanded the case to the district court, and ordered TDCJ to pay Hebrew "the costs on appeal to be taxed by the Clerk of this Court."[1] Thirty-four days later, Hebrew filed a bill of costs. Because that filing was untimely,[2] the Clerk took no action and so advised Hebrew in a letter.

Since then, Hebrew has acted under a mistaken belief that our September 2023 judgment adjudged the merits of the case in his favor. Proceedings stalled in the district court, and the judge administratively closed the case after three months of inactivity. Hebrew appealed the administrative closure but failed to file a sufficient brief, so the appeal was dismissed.

On December 16, 2024, Hebrew moved the district court for a writ of execution directing the U.S. Marshal to seize TDCJ assets to satisfy "costs" of $594,050,803.50. The district court denied the motion the next day. Hebrew sought reconsideration, which was also denied. Hebrew then appealed the denials, contending the district court's "refusal to enforce the Fifth Circuit's mandate violates federal law, judicial precedent, and [his] due process rights." TDCJ responds that this court lacks subject-matter jurisdiction over Hebrew's appeal. We agree with TDCJ.[3]

---

[1] Judgment at 2, *Hebrew v. Tex. Dep't of Crim. Just.*, 80 F.4th 717 (5th Cir. 2023) (No. 22-20517). While the judgment reversed the summary judgment, it did not render judgment in Hebrew's favor or otherwise direct the district court to do so. *Id.*; *see also* 28 U.S.C. § 2106.

[2] *See* FED. R. APP. P. 39(d)(1) (requiring party who wants costs taxed to file a verified bill of costs within 14 days after entry of judgment).

[3] *Kreit v. Quinn* (*In re Cleveland Imaging & Surgical Hosp., L.L.C.*), 26 F.4th 285, 294 (5th Cir. 2022) ("[W]e have an obligation to assure ourselves of our jurisdiction.").

No. 25-20007

Hebrew's appeal rests on 28 U.S.C. § 1291, which establishes jurisdiction over "appeals from all final decisions of the district courts of the United States[.]" "Decisions are final only when they end the litigation on the merits and leave nothing for the court to do but execute the judgment."[4] There's no such decision here. Rather, the two orders at issue deny enforcement of a final judgment that does not exist, and will not exist until this case is finally resolved in the district court, whether by trial or other procedure sanctioned by the federal rules.[5]

The collateral-order doctrine doesn't save the appeal, either. Under that doctrine, non-final orders are "immediately appealable if they: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) are effectively unreviewable on appeal from a final judgment."[6] The orders Hebrew appealed don't satisfy the aforestated conditions and, again, derive from his mistaken belief that this court rendered a merits judgment in his favor. To be clear: our September 2023 judgment reversed summary judgment and remanded to the district court for further proceedings consistent with our opinion—nothing more, nothing less. If Hebrew hopes to prevail on his claims, he must obtain a final judgment in the district court, by trial or otherwise, as our September 2023 opinion and judgment contemplate. APPEAL DISMISSED.

---

[4] *GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001) (quoting *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999)) (cleaned up).

[5] *See, e.g.*, FED. R. CIV. P. 56 (providing procedure for summary judgment).

[6] *Tracy v. Lumpkin*, 43 F.4th 473, 475–76 (5th Cir. 2022) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)) (cleaned up).

3