# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2020

Lyle W. Cayce
Clerk

No. 19-40361

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MACEO STROTHER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-79-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

Maceo Strother appeals his conviction and sentence for being a felon in possession of a firearm, asserting that the district court erred in denying his motion to withdraw his guilty plea. We AFFIRM.

## I.

On March 24, 2017, a Plano police officer stopped a car driven by Maceo Strother, which bore an expired temporary tag. Strother identified himself using a false name and said that the car belonged to his girlfriend, Merci Asa Mercadel. Unable to identify Strother, the officer arrested him for

driving without a license and requested a drug-detecting dog. The dog alerted to the presence of drugs in the car, and a search of the car revealed marijuana seeds on the car's floorboard, credit card applications in another person's name, and a Palmetto State Armory .223 caliber rifle, Model PA-15, along with two magazines loaded with 58 rounds of ammunition. Strother was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On July 30, 2018, Strother's retained attorney, Paul Morgan, filed a motion in limine to exclude jail calls between Strother and Mercadel, who the prosecution planned to call as a witness at trial. In opposition to the motion in limine, the prosecution argued that the jail calls, in which "Strother is instructing [Mercadel] what to say with regards to the firearm, including that she purchased the firearm and that the firearm belonged to her," were evidence establishing that Strother was conscious of his guilt.

Also on July 30, 2018, Morgan filed a motion to withdraw as counsel, explaining that the prosecution had "indicated or insinuated to [Morgan] that the Government believe[d] that [Morgan was] a 'witness' in some way, shape or form to the alleged attempt by Mr. Strother to influence [Mercadel's] testimony in this matter." Morgan stated that he could not "effectively cross-examine a witness the Government has subpoenaed and whom the Government believes that [Morgan] himself is a witness against." He asserted that he had "an ethical obligation" to withdraw as Strother's counsel and that continued representation would violate state bar disciplinary rules.

The next day, the government filed notice that it had "entered into a plea" with Strother.

No. 19-40361

Following this notice and on the same day, Morgan filed motions to withdraw both his motion to withdraw as counsel and the motion in limine, reasoning that these motions were moot in light of the plea agreement.

Thereafter, on August 2, 2018, Strother signed a factual basis accompanying the plea agreement stating, "I, Maceo Strother, knew that I possessed the firearm described above after I had been previously convicted of a felony. I knew that my possession of the firearm was prohibited by law because I was a convicted felon."

At the change-of-plea hearing on the same day, the magistrate judge confirmed that Strother had read the indictment and discussed with Morgan the facts of his case and any defense he might have to the charge. Strother also affirmed that he was fully satisfied with Morgan's representation and confirmed that he was entering the plea because he was guilty of the charge and not to help anyone else, and that he had not been coerced or threatened. The prosecutor read the factual basis aloud in open court, and Strother affirmed that it was entirely true and correct. When asked to describe his offense in his own words, Strother responded, "I got pulled over and a firearm was found in the trunk of a Mercedes Benz." The magistrate judge then confirmed, "did you know that you were in possession of that firearm that was in the trunk of that Mercedes Benz," to which Strother responded, "Yes, Your Honor."

The district court accepted the plea. According to the presentence investigation report ("PSR"), which was made available to Strother on November 1, 2018, Strother again admitted that the information in the factual basis was true and correct during an interview with a probation officer.

On November 12, 2018, Morgan filed a second motion to withdraw as counsel. Morgan attached a letter from Strother stating that he had always maintained that he had no knowledge that the firearm was in the car, asserting

that his plea was involuntary "on the basis of your personal merit being at stake at the hands of the [government] if we persisted to go to [trial]," and requesting that Morgan withdraw as his counsel.

On November 19, 2018, Strother filed a pro se motion to withdraw his guilty plea.

At a November 30, 2018 hearing, Morgan explained that he and Strother disagreed as to whether there was "a claim of innocence that's connected . . . to the conduct that he's charged with," and further disagreed as to whether Strother should have moved to withdraw his plea. The magistrate judge granted Morgan's motion to withdraw as counsel and appointed Ron Uselton as substitute counsel.

In his pro se motion to withdraw his plea, Strother argued that he was unaware of the contents of the cargo in his girlfriend's car and that, when he entered his plea, he did not understand that the statute required that he knowingly possess the firearm. He contended that his plea was involuntary due to ineffective assistance of counsel because Morgan failed to investigate, research case law, and "determine whether [Strother's] alleged conduct was within the parameters of [the statute of conviction]." After Uselton was appointed, he filed a notice stating that Strother desired to proceed with his motion to withdraw his plea.

At another hearing held before the magistrate judge, Strother testified that he pleaded guilty, in part, because Morgan encouraged him to do so and told him that his license was in jeopardy and that he was not "willing to risk his bar" for him. Strother explained that he also pleaded guilty to eliminate the pressure being applied by the government to his ex-girlfriend, Mercadel, and also to one of his long-time friends. He agreed that no one had threatened or coerced him to plead guilty. According to Strother, however, his plea was not knowing and voluntary due to Morgan's ineffective assistance because he

"never elaborated the elements, the number one first initial element of 922(g), which is to knowingly possess."

At Morgan's request and pursuant to the court's order, Morgan filed an affidavit on January 14, 2019, attesting that Strother's claim that Strother pleaded guilty to protect him was false. Morgan estimated that he and Strother had between 15 and 20 phone conversations over the course of his representation, during which they discussed many topics related to Strother's case, including the government's evidence, possible defenses, and the advantages and disadvantages of pleading guilty. According to Morgan's affidavit, Strother admitted that he purchased the firearm in one of their initial conversations. Morgan also stated that he had interviewed Mercadel several times. She initially denied knowledge of the gun, then claimed an ex-boyfriend put it in her car, and then claimed ownership of the gun. Morgan found her to be not credible and "knew the two subsequent stories were untruthful." After Morgan advised Strother that he could not present Mercadel's false testimony and later raised his concerns that he could not stay on the case if Strother planned to present false testimony, Strother stated that he wanted to plead guilty.

On January 17, 2019, Strother filed an affidavit from Mercadel in which she averred that the gun in the car belonged to a man she was dating named Carlos, who was subsequently murdered. Along with the affidavit, Strother filed a pro se notice explaining that he filed the affidavit to establish the credibility of his assertion of innocence.

On March 21, 2019, the magistrate judge issued a report and recommendation that Strother's motion to withdraw his plea be denied because all relevant factors weighed against him. The district court adopted the report and recommendation and denied Strother's motion to withdraw

his guilty plea. Strother timely filed a notice of appeal. FED. R. APP. P. 4(B)(2).

## II.

We first consider, as a threshold matter, whether Strother's appeal is barred by the appellate waiver in his plea agreement. Under the terms of the plea agreement, Strother waived his right to appeal but reserved "the right to appeal or seek collateral review of a claim of ineffective assistance of counsel." The government contends that Strother's appeal does not fall within the ineffective assistance of counsel exception to the waiver and is thus barred. Strother argues that his appeal is not waived because "[t]he core of his motion to withdraw" is an ineffective assistance of counsel claim, which he expressly reserved the right to appeal.

We review whether an appellate waiver bars an appeal *de novo*, considering (1) whether the waiver was knowing and voluntary, and (2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). We apply "ordinary principles of contract interpretation, construing waivers narrowly and against the [g]overnment." *Id.* (alteration in original) (quoting *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014)).

Strother argues that the waiver does not apply under the present circumstances because the crux of his argument for withdrawal is that his guilty plea "was rendered involuntary by ineffective assistance of counsel." The government counters that Strother's appeal does not fit within the appellate waiver's exception for ineffective assistance of counsel claims because under the seven-factor framework to evaluate plea withdrawals established by *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), "determining whether a defendant received close assistance of counsel . . . is

No. 19-40361

distinct from determining constitutionally effective assistance of counsel under the Sixth Amendment."

While it is true that a constitutionally effective assistance of counsel inquiry is distinct from an inquiry into whether a defendant received close assistance of counsel (one of the seven factors relevant to the consideration of a plea withdrawal under the *Carr* framework), Strother's claim that he received ineffective assistance of counsel is also central to his arguments on several other of the *Carr* factors, particularly that his plea was not knowing and voluntary. We have previously allowed appeal of a district court's ruling on a plea withdrawal motion despite a similar waiver where the appeal was "derivative of [the defendant's] claims that his plea was involuntary and that he received ineffective assistance of counsel." *Harrison*, 777 F.3d at 233.[1]

Because Strother's arguments for plea withdrawal—particularly his argument that his plea was not given knowingly and voluntarily—derive from his claim that he received ineffective assistance of counsel, we choose to address the merits of the district court's denial of his motion to withdraw his plea.

## III.

We now turn to the merits of Strother's appeal. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir.), *cert. denied*, 140 S. Ct.

---

[1] To the extent that the government suggests that Strother's appeal does not fall within the exception to the appellate waiver because Strother has not shown the elements required to prevail on an ineffective assistance of counsel claim, we have previously considered appeals on the merits which were based on, or derived from, ineffectiveness claims, even though the defendants ultimately failed to prevail. *See Harrison*, 777 F.3d at 236-37.

320 (2019). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Lord*, 915 F.3d at 1013-14 (quoting *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003)).

A defendant may withdraw a guilty plea after the district court accepts the plea, but before it imposes a sentence, by showing a "fair and just reason" for seeking withdrawal. FED. R. CRIM. P. 11(D)(2)(B). The burden for establishing this reason lies with the defendant. *Powell*, 354 F.3d at 370; *accord* Lord, 915 F.3d at 1014. To determine whether a defendant may withdraw a guilty plea, the court must consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44. No single factor or combination of factors is dispositive, and the court must ultimately examine the totality of the circumstances. *Id.*; *see also Lord*, 915 F.3d at 1014.

## A.

The first *Carr* factor asks the court to consider whether the defendant has asserted his innocence. *Carr*, 740 F.2d at 343-44. The magistrate judge's report and recommendation, which was adopted by the district court, concluded that this factor weighed against Strother's withdrawal motion. The report found that although Strother began to assert his innocence upon making his motion to withdraw, his "assertions of innocence simply [did] not outweigh his previously unequivocal declarations of guilt in connection with his plea agreement." On appeal, Strother argues that the district court erred

in concluding that this factor weighed against withdrawal, pointing to his testimony that "he asserted his factual innocence to his lawyer consistently before the plea, and afterward to the court." The government counters that Strother cannot overcome his sworn statement that he knowingly possessed the firearm, which was "especially credible in light of his admission to the probation officer that the information in the factual basis was true and correct."

Under the *Carr* framework, the defendant must not only assert his innocence, but also provide a "substantial supporting record" for this assertion in order to support his motion to withdraw. *United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991) (citing *Carr*, 740 F.2d at 344). In support of his assertion of innocence, Strother alleged that he did not own the car he was driving at the time of his arrest, that he was unaware of the car's contents, and that he did not understand that his conduct did not satisfy the requirements of 18 U.S.C. § 922(g)(1) when he pleaded guilty.

Neither the magistrate judge nor the district court found these contentions to be supported by the record. Noting Strother's repeated assertions that he understood the essential elements of his charge during his change-of-plea hearing and during a subsequent interview with a probation officer, the district court found that the record did not support Strother's assertion that he was unaware of the "knowingly possessed" element of his offense. "[S]olemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Given Strother's consistent, repeated statements in court affirming that he understood the required elements of his charge up until the time of his plea withdrawal motion, we find that the district court did not clearly err in making this determination.

No. 19-40361

On appeal, Strother further argues that the magistrate judge and district court did not give due consideration to Mercadel's affidavit, and "appear to have assumed her affidavit was false." Citing *United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998), the magistrate judge's report, which was adopted by the district court, declined to consider Mercadel's affidavit because Strother submitted it pro se. Notably for our resolution of this factor on appeal, the magistrate judge further reasoned that even if the court were to consider Mercadel's affidavit, it would not alter the results of the report and recommendation because even if Mercadel's statement as to ownership of the firearm were true, this fact would not support Strother's statement that he was not aware the firearm was in the car, and thus would not support his assertion of innocence. *See Harrison*, 777 F.3d at 234-35 (holding that where the defendant's evidence "add[s] little to his assertion of innocence beyond reiterating his claim and denying the veracity of the factual resume he signed in conjunction with his plea agreement," such evidence is insufficient to justify relief under *Carr*). We agree and thus conclude that the district court did not clearly err in finding that *Carr*'s first factor weighed against withdrawal.

**B.**

*Carr*'s fifth factor[2] asks the court to consider whether "close assistance of counsel" was available to the defendant. *Carr*, 740 F.2d at 343-44. The magistrate judge, with reasoning adopted by the district court, found that this factor weighed against withdrawal. In making this finding, the magistrate judge's report cited the several motions that Morgan filed on Strother's behalf, the favorable plea agreement that Morgan negotiated for Strother, Morgan's affidavit attesting that he had between 15 and 20 phone

---

[2] The remaining *Carr* factors will be addressed later in this opinion.

conversations with Strother to discuss his case and spent over 100 hours working on the matter, and Strother's testimony at his plea colloquy affirming that he was "fully satisfied with the representation and advice [he'd] received from [Morgan]." On appeal, Strother contends that this focus was misplaced because "[t]he issue was what did the attorney investigate, conclude and advise pertaining to the veracity of Ms. Mercadel's [affidavit] . . . and Mr. Strother's lack of knowledge that the rifle was in [the car]."

Determining whether close assistance of counsel was available under *Carr* "requires a fact-intensive inquiry" which is distinct from an inquiry into whether the defendant received effective assistance of counsel in accordance with the Sixth Amendment. *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009); *accord United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014). We have previously found that close assistance of counsel was available where counsel negotiated a plea agreement, filed motions, discussed the case with the defendant, and explained the defendant's rights and the weight of the evidence, *United States v. Benavides*, 793 F.2d 612, 613-18, and where counsel was available throughout the proceedings and the defendant expressed satisfaction with counsel, *Lord*, 915 F.3d at 1015-16.

The record supports that counsel was available to Strother throughout the proceedings, that Morgan filed motions and negotiated a plea agreement on Strother's behalf, and that Morgan discussed the case, the weight of the evidence, and Strother's rights with Strother. Strother testified at his plea colloquy that he was "fully satisfied" with Morgan's representation. The district court did not clearly err in finding that this factor weighed against withdrawal.

## C.

The sixth *Carr* factor asks whether the defendant's original plea was knowing and voluntary. *Carr*, 740 F.2d at 343-44. A guilty plea involves the waiver of constitutional rights, and thus must be "voluntary, knowing, and intelligent." *Lord*, 915 F.3d at 1016 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). This requires that the defendant understand the nature of the charges against him, the consequences of his plea, and the nature of the constitutional protection that he is waiving. *Urias-Marrufo*, 744 F.3d at 366; *accord Lord*, 915 F.3d at 1016.

In his motion to withdraw, Strother asserted that his original plea was involuntary because he received ineffective assistance of counsel and he did not understand the "knowingly possessed" element of his charge. The district court found that Strother's plea was given knowingly and voluntarily because Strother was advised and understood the essential elements of his charge and the consequences of pleading guilty. We agree.

Prior to his motion to withdraw, Strother repeatedly affirmed that he knew that he was in possession of the firearm at the time of his arrest and that he understood the "knowingly possessed" element of his charge. During his plea hearing, Strother testified that he knew that he was in possession of the firearm that was found in the trunk of the car. Strother further affirmed that he understood each of the essential elements of his charge, including "that the defendant knowingly possessed the firearm as charged." The factual basis of Strother's guilty plea, which he affirmed was entirely true and correct during his plea colloquy, read "I, Maceo Strother, knew that I possessed the firearm described above after I had been previously convicted of a felony. I knew that my possession of the firearm was prohibited by law because I was a convicted felon." Strother again confirmed that the information in the factual basis was true and correct during an interview with a probation officer.

No. 19-40361

In support of his argument that he received ineffective assistance of counsel, Strother asserted in his motion to withdraw that Morgan failed to "investigate [Strother's] conduct, analyze discovery material, and research case law to determine whether . . . Strother's alleged conduct was within the parameters of the statute [Strother] was deemed to violate." On appeal, Strother additionally invokes his prior contention that he pleaded guilty to protect Morgan.

Strother's prior sworn statements at rearraignment are in tension with Strother's ineffective assistance arguments.[3] During his plea hearing, as noted by the magistrate judge, Strother confirmed that he was "fully satisfied" with Morgan's representation and specifically testified that he and Morgan had discussed all elements of his indictment, the facts of his case and any defense to his charge, the Federal Sentencing Guidelines, his full plea agreement, and the entire factual basis to his plea agreement.

Contrary to Strother's subsequent assertion that he pleaded guilty to protect Morgan, Strother previously stated at his plea hearing that no one had attempted to force, threaten, coerce, or make him plead guilty, that he was not entering his plea to help anyone else, and that he was entering into

---

[3] Although not relied upon by Strother, *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014), is instructively distinguishable from this case. In *Urias-Marrufo*, we vacated and remanded a district court's denial of the defendant's plea withdrawal motion because the district court erroneously held that it *could not* address the defendant's ineffective assistance of counsel claim in connection with the defendant's motion to withdraw her plea. Here, the magistrate judge and district court did consider Strother's ineffective assistance of counsel argument in connection with Strother's assertion that his plea was involuntary and found the argument to lack sufficient merit, utilizing the *Carr* factors, to justify withdrawal of his plea. Notably, the government is careful to acknowledge that our decision "will not prejudice Strother's right to raise ineffective assistance of counsel in a motion to vacate under 28 U.S.C. § 2255."

the plea of his own free will. We give significant weight to a defendant's sworn testimony that his plea is voluntary and uncoerced. *See Clark*, 931 F.2d at 295 ("[T]he defendant's declaration in open court that his plea is not the product of threats or coercion carries a strong presumption of veracity.") (citation omitted); *accord Lampazianie*, 251 F.3d at 524. Given Strother's consistent testimony that he understood the elements of his charge and the consequences of his plea, and that his plea was uncoerced and the result of thorough consultation with his attorney, we conclude that the district court did not clearly err in finding that the sixth *Carr* factor weighed against withdrawal.

## D.

The third *Carr* factor asks whether the defendant delayed in filing his motion to withdraw. *Carr*, 740 F.2d at 343-44. The district court found that the approximately three-month delay between Strother's guilty plea and his plea withdrawal motion, submitted after his receipt of the PSR, weighed against granting withdrawal. On appeal, Strother argues that, contrary to the district court's view that he decided to file his motion to withdraw after reviewing the PSR, he consistently asserted his innocence prior to entering his guilty plea. As discussed, Strother's contention that he consistently asserted his innocence prior to entering his guilty plea is not supported by the record. Further, as cited by the district court, we have previously held that three months between the entering of a guilty plea and the filing of a motion to withdraw constitutes a significant delay that weighs against granting withdrawal. *See United States v. Grant*, 117 F.3d 788, 790 (5th Cir. 1997); *see also United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994); *Carr*, 740 F.2d at 345. The district court did not clearly err in finding that this factor weighed against withdrawal.

No. 19-40361

## E.

The remaining *Carr* factors ask the court to consider whether the government would suffer prejudice if the withdrawal motion were granted, whether withdrawal would substantially inconvenience the court, and whether withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44. The magistrate judge and district court found these factors to weigh against granting withdrawal. In its opposition to Strother's motion to withdraw, the government contended that the "efforts and manpower" required for trial would need to be refocused and resources shifted if Strother's plea withdrawal were granted. Strother argues on appeal that the government has failed to show how it would be prejudiced by withdrawal of Strother's plea, but he does not directly refute the government's assertions. Strother additionally contends that the district court would not be inconvenienced and judicial resources would not be wasted by withdrawal. "[T]he district court is in the best position to know the effect that withdrawal has on its resources." *McKnight*, 570 F.3d at 650 (citing *Carr*, 740 F.2d at 345). The district court did not clearly err in finding these factors to weigh against withdrawal.

## IV.

Based on the foregoing analysis and considering the totality of the circumstances, we conclude that the district court did not abuse its discretion in denying Strother's motion to withdraw his guilty plea.

AFFIRMED.