# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-51045
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIA TELLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-1493-2

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Maria Tello pleaded guilty of conspiracy to import a mixture containing 500 grams or more of methamphetamine. She moved to withdraw her guilty plea, but the district court denied the motion. The court sentenced Tello to 262 months of imprisonment and five years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

She now appeals, challenging the district court's denial of her motion to withdraw her guilty plea and also challenging her sentence.

A defendant may withdraw a guilty plea after it has been accepted by the district court but before sentencing if he shows a "fair and just reason" for seeking withdrawal. FED. R. CRIM. P. 11(d)(2)(B). Although Tello's plea agreement includes language waiving her right to appeal her guilty plea, the Government does not seek to enforce the waiver as to this issue. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). We review the denial of the motion to withdraw the plea for an abuse of discretion. *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020). In light of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), Tello shows no abuse of discretion by the district court in denying her motion to withdraw her plea. *See Strother*, 977 F.3d at 443-47. Therefore, the denial of her motion is affirmed.

Tello also contends that the district court erred in imposing a two-level enhancement to her offense level based upon her role in the offense. The Government argues that Tello's challenge to her sentence is barred by the waiver of appeal provision in her plea agreement. We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). First, we consider whether the waiver was knowing and voluntary, and second, we consider whether the plain language of the waiver applies to the issues to be raised on appeal. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

For a waiver to be knowing and voluntary, a defendant must know that she had a right to appeal and that she was giving up that right. *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005). Based on the plea agreement and the advice she received at rearraignment, Tello's waiver was knowing and voluntary. *See id.* Tello generally waived her right to appeal

No. 21-51045

her conviction and sentence, with certain exceptions that do not apply to the issue she raises.  Based on the plain language of the plea agreement, the appeal waiver bars her challenge to her sentence.  *See Keele*, 755 F.3d at 754. Therefore, this portion of her appeal is dismissed.  *See Story*, 439 F.3d at 230-31 & n.5.

    AFFIRMED IN PART; DISMISSED IN PART.