# United States Court of Appeals for the Fifth Circuit

———————

**No. 22-50294**
**Summary Calendar**

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darwin Powell,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-68-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Darwin Powell challenges his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and his below-Guidelines sentence of 420 months of imprisonment. He argues that the district court erred by denying his motions to withdraw his guilty plea and for reconsideration. We review the denials of both motions for an abuse

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of discretion. *See United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Strother*, 977 F.3d at 443 (citation omitted).

"A defendant may withdraw a guilty plea after the district court accepts the plea, but before it imposes a sentence, by showing a 'fair and just reason' for seeking withdrawal." *Strother*, 977 F.3d at 443 (quoting Fed. R. Crim. P. 11(d)(2)(B)). The defendant has the burden of proof. *Strother*, 977 F.3d at 443. This court considers seven factors, namely, whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant delayed in filing the motion, (4) the withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *Id.* (citing *United States v. Carr*, 740 F.2d 339, 343-44). However, these factors "are non-exclusive," *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014), and no one factor or combination of factors is dispositive. *Strother*, 977 F.3d at 443.

The district court found that the assertion-of-innocence and voluntariness-of-plea factors weighed against Powell based primarily on the factual basis to which he agreed as part of his plea agreement and his testimony under oath at rearraignment. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Although he cites his testimony from the hearing on his motion to withdraw that he was innocent and did not understand the meaning of the plea agreement, the district court found this testimony incredible, and he does not attempt to show that the district court clearly erred this regard. *See Strother*, 977 F.3d at 443.

No. 22-50294

While Powell contends that some of the Government's claims of prejudice lack specificity and are unconvincing, he does not meaningfully address the district court's finding that the Government would be prejudiced because it had spent substantial time and resources negotiating a series of property forfeitures contained in the plea agreement; he thus fails to show that the district court clearly erred in weighing this factor against him. *See Strother*, 977 F.3d at 443. Likewise, we defer to the district court's determination whether it would have been inconvenienced and whether judicial resources would be wasted. *See United States v. McKnight*, 570 F.3d 641, 650 (5th Cir. 2009).

Despite that counsel provided close assistance during plea negotiations and at rearraignment, Powell complains that his attorney failed to file a motion to withdraw as soon as Powell requested that he do so. To the extent that Powell claims that his attorney rendered ineffective assistance by failing to timely file a motion to withdraw, "[i]neffective assistance is a basis for invalidating a conviction under the Sixth Amendment and is not, strictly speaking, relevant to the decision of whether Defendant was denied close assistance of counsel under *Carr* analysis." *See Urias-Marrufo*, 744 F.3d at 365. Our decision does not prejudice Powell's right to raise an ineffective assistance of counsel claim on this basis in a subsequent 28 U.S.C. § 2255 proceeding. *See McKnight*, 570 F.3d at 648. Powell fails to show that the district court clearly erred in finding that all of the *Carr* factors weighed against him except for the timeliness of his motion to withdraw. *See Strother*, 977 F.3d at 443.

Powell does not meaningfully address, and has therefore abandoned any challenge to, the district court's holding that he waived the attorney-client privilege with regard to statements contained in his former attorney's affidavit. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Even if Powell's rights under the Confrontation Clause extend to the hearing on his

3

motion to withdraw, the district court held that any error in admitting the affidavit was harmless because its consideration of the *Carr* factors would not have been impacted if the affidavit had been excluded. *See United States v. Noria*, 945 F.3d 847, 853 (5th Cir. 2019) (holding that violations of Confrontation Clause are subject to harmless error analysis). Powell does not challenge that holding on appeal. *See Yohey*, 985 F.2d at 225.

Powell fails to show the district court abused its discretion by denying his motion for reconsideration without first conducting an evidentiary hearing regarding whether he voluntarily waived his Fifth and Sixth Amendment rights before making inculpatory statements to law enforcement officers. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Finally, in arguing that *Carr* was decided incorrectly because it improperly limits the discretion of the district court in applying Rule 11(d)(2)(B), Powell ignores that the *Carr* factors are not exclusive. *See Urias-Marrufo*, 744 F.3d at 364. To the extent that he argues that *Carr* should be overruled, he properly concedes that his argument is foreclosed. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

AFFIRMED.