# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2023

Lyle W. Cayce
Clerk

No. 22-10989
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Joaquin Salinas,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-447-1

————————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Joaquin Salinas pled guilty on March 7, 2022, to conspiring to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. Before sentencing, Salinas made an off-the-record statement suggesting that he wished to withdraw his plea; however no corresponding motion was filed.

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10989

At his next hearing Salinas stated he did want to follow through with his plea and that he was satisfied with his attorney.

"[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). To demonstrate reversible plain error generally, Salinas must show (1) an error (2) that is "clear or obvious" and (3) that affects his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Marek*, 238 F.3d 310, 315 & n.16 (5th Cir. 2001) (en banc) (noting that plain error review applies to alleged deficiencies in plea colloquies). If these showings are made, this court has discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 556 U.S. at 135. A "clear or obvious" error is one not subject to reasonable dispute. *Id.*

The record reflects that Salinas stated in open court that he was satisfied with his plea, and before that hearing he did not file a motion to withdraw his plea, though he had opportunity and was represented by counsel. He does not demonstrate a "'fair and just reason' for seeking withdraw." *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020) (quoting FED. R. CRIM. P. 11(d)(2)(B)). To the extent Salinas is attempting to argue that the district court should have reopened the rearraignment hearing based on his off-record comments, his argument is unavailing. His statements to the district court at sentencing did nothing to call into question the presumption of verity that attaches to the statements he made at rearraignment indicating that his plea was knowing and voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Accordingly, we find no error, plain or otherwise. AFFIRMED.