# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-40329
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Limbrick,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CR-79-1

---

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jonathan Limbrick pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. Approximately five months later, he moved to withdraw his guilty plea. The motion was denied.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Limbrick was sentenced, *inter alia*, to the agreed-upon term of 144-months' imprisonment.

Limbrick challenges the denial of his motion to withdraw his guilty plea. We review for abuse of discretion. *E.g.*, *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* at 1013–14 (citation omitted).

A district court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal". Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times with the defendant." *Lord*, 915 F.3d at 1014 (citation omitted). To meet his burden, defendant must show, based on the totality of the circumstances, that the below-discussed factors provided in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), support withdrawal. *Lord*, 915 F.3d at 1014. Although the court "is not required to make explicit findings as to each of the *Carr* factors", it did so in a comprehensive order. *Id.*

Limbrick concedes he did not assert his innocence in his motion; therefore, the court correctly determined the first factor weighed against withdrawal.

The court considered the second, fourth, and seventh factors together—whether withdrawal would prejudice the Government, substantially inconvenience the court, or waste judicial resources. *See id.* It determined withdrawal would: cause the Government to have to "duplicate its efforts to prepare for trial once again" (Limbrick did not plead guilty until a few days before trial was to begin); waste the court's resources that had been invested in preparing for trial; and disrupt the court's docket.

Therefore, it concluded each of these factors also weighed against withdrawal. Limbrick's vague assertions in this court that these findings were unsupported are insufficient to show error.

Regarding the third factor—timeliness of the motion—the court determined Limbrick's delay was "unjustifi[ed]" and "without any explanation" because he presented no reason for waiting five months to file his motion. Again, his general assertion that this determination was unsupported is insufficient to show error.

The fifth factor considers whether defendant "received close assistance of counsel", which is an inquiry "distinct from whether [he] received *effective* assistance of counsel". *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014) (emphasis added). Limbrick was initially appointed counsel by the court, but approximately four months later replaced appointed counsel with a retained attorney, who , approximately five weeks later, represented him during his entering of his plea (plea counsel). He subsequently replaced plea counsel with a third attorney, who filed the withdrawal motion.

The court found Limbrick received close assistance of counsel because, although plea counsel was not physically present when Limbrick signed his plea agreement before the plea hearing, he was present via telephone; and Limbrick was given an opportunity to confer privately with plea counsel before signing the agreement. Further, the court noted that, at the plea hearing, Limbrick stated under oath: with plea counsel he discussed (and understood) the facts of the case and charges against him; he was satisfied with plea counsel's representation and advice; and his plea was voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *see also United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing

courts give great weight to the defendant's statements at the plea colloquy."). Additionally, the court observed that neither Limbrick nor plea counsel had mentioned plea counsel's physical absence during the plea-agreement signing at any time prior to the withdrawal motion, and that plea counsel was present for the plea hearing, giving Limbrick an additional opportunity to discuss the plea with him. Although Limbrick contends he was unsatisfied with plea counsel's performance, he does not show that the court clearly erred in finding this factor also favored denying his motion.

Finally, the court found the sixth factor—whether the plea was knowing and voluntary—also favored denying withdrawal. In doing so, it relied on the above-referenced statements by Limbrick at the plea hearing. It added that, at the plea hearing: Limbrick "admitted his guilt in his own words and acknowledged that his conduct was wrong"; the court provided explanations regarding the elements of, and maximum punishments for, his charged crime, and the consequences of pleading guilty; the court advised him he could change his plea at any time during the hearing; and he "gave no indication that he had any reservations or questions about the plea agreement". He once more fails to show clear error. *See United States v. Benavides*, 793 F.2d 612, 617 (5th Cir. 1986) (examining conduct of plea hearing and holding no clear error in court's finding plea knowing and voluntary).

Accordingly, based on the totality of the circumstances, including his sworn statements at the plea hearing regarding his understanding of the plea agreement and his satisfaction with counsel, Limbrick fails to show the court clearly erred in its assessment of the *Carr* factors or otherwise abused its discretion in denying Limbrick's motion to withdraw his guilty plea. *See Strother*, 977 F.3d at 443–47; *Lord*, 915 F.3d at 1013–17.

AFFIRMED.