# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2024

Lyle W. Cayce
Clerk

No. 23-20194
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN CRUISE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-344-1

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant John Cruise pleaded guilty, with the benefit of a plea agreement, to conspiracy to commit healthcare fraud and wire fraud. He was sentenced within the guidelines range to 240 months of imprisonment. He now appeals the district court's denial of his motion to withdraw his guilty plea and its calculation of the loss amount for purposes of the Guidelines.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20194

Our review of the denial of Cruise's withdrawal motion is for an abuse of discretion. *See United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). After the district court accepts a guilty plea, but before it imposes a sentence, a defendant may withdraw such a plea by showing a "fair and just reason" for seeking withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The district court must consider: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

Cruise has failed to carry his burden of showing that the district court abused its discretion in denying his motion based on the totality of the circumstances. *See Lord*, 915 F.3d at 1013-14. In particular, he has not provided a "substantial supporting record" for his assertion of innocence, *United States v. Strother*, 977 F.3d 438, 444 (5th Cir. 2020) (internal quotation marks and citation omitted); he has not sufficiently explained the more than 17-month delay in filing his motion; his assertion that he was under pressure to plead guilty is insufficient to rebut the "strong presumption of verity" afforded to his testimony at rearraignment that his guilty plea was voluntary, *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); the record reflects he received close assistance of counsel given that his attorney was available throughout the proceedings and Cruise expressed satisfaction with his counsel's performance, *see Strother*, 977 F.3d at 445; and he has not shown any abuse of discretion in the district court's finding that withdrawal would prejudice the Government, waste judicial resources, and inconvenience the court. *See Carr*, 740 F.2d at 343-44.

2

No. 23-20194

For the first time on appeal, Cruise asserts that the district court erred in calculating his offense level based on the loss amount of $91.7 million instead of $32.2 million. Our review is for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). "Because [Cruise's] total offense level would have been the same (the Guidelines maximum of 43)," if the court had used the $32.2 million figure, "he cannot show that any error in the district court's . . . calculations affected his substantial rights." *United States v. McGavitt*, 28 F.4th 571, 579 (5th Cir.), *cert. denied*, 143 S. Ct. 282 (2022). His argument thus fails on plain error review. *See Puckett*, 556 U.S. at 135.

AFFIRMED.