# United States Court of Appeals for the Fifth Circuit

---

No. 23-50913
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lewis Carlos Delgado,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-1293-1

---

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Lewis Carlos Delgado pleaded guilty to conspiracy to import a controlled substance, conspiracy to possess a controlled substance with the intent to distribute, conspiracy to transport stolen vehicles in interstate and foreign commerce, and transportation of stolen vehicles in interstate and foreign commerce. Delgado argues that the district court erred by denying

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his motion to withdraw his guilty plea and by failing to hold a competency hearing prior to his guilty plea.

We review the district court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *United States v. Conroy*, 567 F.3d 174, 177 (5th Cir. 2009) (per curiam). A denial of a motion to withdraw a plea entails consideration of several factors. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). "No single factor or combination of factors is dispositive, and the court must ultimately examine the totality of the circumstances." *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020).

Delgado has failed to demonstrate any abuse of discretion. First, the record reflects that Delgado received close assistance of counsel, as his attorney participated throughout the proceedings, filed multiple motions on Delgado's behalf, offered corrections to the record, and communicated a plea deal that Delgado rejected. *See id.* at 445.

In addition, Delgado's guilty plea was knowing and voluntary despite his contention that he did not understand the charges due to his difficulty communicating with his attorney and his history of mental illness. The record reflects that Delgado had notice of the charges against him, understood the consequences of the plea, and understood the constitutional provisions he was waiving.

The district court likewise did not abuse its discretion in concluding Delgado had not sufficiently asserted his innocence. Although he claimed he did not know one of the conspirators, Delgado did not dispute his guilt of the offense, and he failed to provide supporting evidence. *See id.* at 444. Delgado's delay in moving to withdraw also weighed against withdrawal. *See Carr*, 740 F.2d at 345. As for his contention that withdrawal would not prejudice the Government, that alone is insufficient to warrant withdrawal. *See id.* Finally, the district court's assessment that withdrawal would cause

No. 23-50913

substantial inconvenience or waste judicial resources is entitled to deference. *See id.* In sum, the district court did not abuse its discretion by denying the motion to withdraw.

Delgado also argues that the district court erred by failing to hold a competency hearing prior to his guilty plea. We review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). Although Delgado was deemed incompetent at one point, a later evaluation concluded that his competency had been restored, his counsel agreed at rearraignment that there were no competency issues, and a post-plea evaluation also determined he was competent. We discern no reversible plain error. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.