# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2024

Lyle W. Cayce
Clerk

———————

No. 23-10975

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LANDON JOSEPH GARCIA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-135-1

———————————————————————

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Landon Joseph Garcia challenges the district court's order that, "beginning 60 days after release from custody", he must make payments towards a special assessment despite his obligation to first satisfy any outstanding restitution. He contends that because the appeal waiver in his plea agreement does not expressly cover assessments, his appeal is not barred. We disagree.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10975

## I

Garcia pleaded guilty to one count of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) under a written plea agreement. The plea agreement advised Garcia of the minimum and maximum penalties the court could impose on him, including "a mandatory special assessment of $100, and, pursuant to 18 U.S.C. § 3014(a), an additional assessment of $5,000 if the defendant is not indigent." In the plea agreement, Garcia agreed to pay the $100 mandatory special assessment and the additional $ 5,000 assessment under § 3014(a), if found not indigent. Garcia also agreed that he "fully understands that any financial obligation imposed by the Court . . . is due and payable immediately," and that he "has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court."

The plea agreement included a waiver provision:

> The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

After accepting Garcia's guilty plea, the district court sentenced him to 240 months of imprisonment, to be followed by a lifetime term of supervised release. It imposed restitution in the amount of $46,500, "payable immediately"; if any amount remained unpaid at the start of Garcia's term

of supervised release, he must make monthly payments of $50 beginning "no later than 60 days after" his release from confinement until the restitution was paid in full. The district court also imposed a $5,000 mandatory assessment under the Justice for Victims of Trafficking Act of 2015 (JVTA), 18 U.S.C. § 3014. If any part of the JVTA assessment remained unpaid when Garcia began his term of supervised release, he must "make payments on such unpaid balances beginning 60 days after release from custody at a rate of at least $25 per month until the fine is paid in full."

Garcia appeals, arguing that the district court erred in unconditionally ordering him to make payments towards the unpaid balance of the JVTA assessment within 60 days after his release because § 3014 provides that the assessment is not payable until he has first satisfied the outstanding order of restitution. He also contends that his appeal is not barred by the waiver provision in the plea agreement because it does not expressly include assessments.

## II

"We review whether an appellate waiver bars an appeal *de novo*, considering (1) whether the waiver was knowing and voluntary, and (2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *United States v. Strother*, 977 F.3d 438, 442 (5th Cir. 2020). Garcia does not challenge the voluntariness of the waiver.

When interpreting the scope of the appeal waiver, we employ ordinary principles of contract interpretation. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). "The language in the appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed." *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). "Although waivers are interpreted narrowly against the government, courts will not read ambiguity into an agreement in which none readily

manifests itself." *United States v. Rodriguez-Estrada*, 741 F.3d 648, 650 (5th Cir. 2014) (internal citation omitted).

In the plea agreement, Garcia waived his right to appeal his "conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court." As noted, the agreement provides that his sentence could include the additional $5,000 assessment under the JVTA. We have recognized that the JVTA assessment is a mandatory part of a nonindigent defendant's sentence. *See, e.g., United States v. Graves,* 908 F.3d 137, 141 (5th Cir. 2018). The appeal waiver, by its plain terms, precludes challenges to all aspects of Garcia's sentence, including the JVTA assessment and the related payment schedule.

Garcia argues that the appeal waiver does not apply in this case because the waiver provision does not expressly encompass assessments. He contends that a contextual reading of the plea agreement demonstrates that "sentence" refers to the "imprisonment and community supervision portions of a judgment" and "excludes monetary penalties such as fines and restitution." He argues that because the waiver provision specifically includes "conviction, sentence, fine and order of restitution or forfeiture" but not "assessment," its exclusion from the appeal waiver was a deliberate choice.

We rejected this argument in an almost factually identical case. In *United States v. Rosa*, No. 23-10328, 2024 WL 1597754 (5th Cir. Apr. 12, 2024) (unpublished), we held that "the more specific language in the appeal waiver cuts *against* his position because that language sweeps in the assessments whether they are part of the 'sentence,' or are 'fines' or 'restitution.'" *Id.* When the paragraphs of the plea agreement are read together, we explained, "the parties clearly intended for these assessments, including when they would be paid, to be a part of Rosa's sentence, and for

4

them to be covered by the appeal waiver." *Id.* Although we are not bound by an unpublished decision, the reasoning in *Rosa* is persuasive and we adopt it here. *See* 5TH CIR. R. 47.5.4; *see also United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015) (adopting the reasoning of a prior unpublished opinion that rejected identical arguments raised in the current case).

Even though "assessment" is not separately mentioned in the waiver provision, read as a whole and in favor of Garcia's right to appeal, the plea agreement makes clear that the special assessment was part of Garcia's sentence and that he knowingly and voluntarily waived any right to appeal that sentence. *See Strother*, 977 F.3d at 442. His sentence includes the payment schedule associated with the JVTA special assessment. Garcia's challenge to the payment schedule for the special assessment falls squarely within the scope of the appeal waiver.

\* \* \*

We DISMISS the appeal.