# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10690
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Floyd,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-177-1

---

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Anthony Floyd appeals his guilty plea conviction on 10 counts of aiding and assisting in the preparation and presentation of false tax returns which he entered after a jury was impaneled to hear this case. He challenges the district court's denial of his motions to withdraw his guilty plea and for an evidentiary hearing on the motion to withdraw.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10690

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). The defendant has the burden of proving that the withdrawal is justified, and the district court's decision "must be accorded broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (internal quotation marks and citation omitted). In making that determination, a district court must consider the factors set forth in *Carr*, which include whether: (1) the defendant has asserted his innocence; (2) withdrawal would prejudice the Government; (3) the defendant delayed in filing a withdrawal motion; (4) "withdrawal would substantially inconvenience the court"; (5) "close assistance of counsel was available"; (6) "the original plea was knowing and voluntary"; and (7) "withdrawal would waste judicial resources." *Id.* at 343-44. In deciding whether withdrawal is warranted, "the court must ultimately examine the totality of the circumstances." *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020).

The district court determined that Floyd's bald, post-plea assertions of innocence did not warrant relief and that Floyd's knowing and voluntary guilty plea was made with the benefit of close assistance of counsel. Our review of the record shows that the district court's assessment of those *Carr* factors was not based on an error of law or a clearly erroneous assessment of the evidence. *See Lord*, 915 F.3d at 1013-14; *United States v. Landreneau*, 967 F.3d 443, 450 (5th Cir. 2020); *United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015); *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). The district court's determination that the six-week delay between the entry of the guilty plea and the filing of the motion to withdraw weighed against Floyd likewise was not based on an error of law or a clearly erroneous assessment of the evidence. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994); *Carr*, 740 F.2d at 345. Moreover, the district court's determination that allowing the withdrawal of the guilty plea would prejudice

2

No. 24-10690

the Government, substantially inconvenience the court, and waste judicial resources is supported by the record. Accordingly, Floyd has not demonstrated that the district court abused its discretion by denying his motion to withdraw his guilty plea. *See Lord*, 915 F.3d at 1013-14.

Finally, the district court's determination that an evidentiary hearing was not warranted was based on the allegations contained in the motion to withdraw as well as the district court's direct involvement in taking the guilty plea. Floyd has not demonstrated that the district court's denial of his motion for an evidentiary hearing was an abuse of discretion. *See Harrison*, 777 F.3d at 234; *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

AFFIRMED.