# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2025

Lyle W. Cayce
Clerk

No. 25-30357
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SEAN DEAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-128-1

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Sean Dean appeals his guilty plea convictions and within-guidelines-range sentences for possession with intent to distribute fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. Dean contends that (i) his 322-month total sentence is unreasonable and excessive, (ii) his trial counsel provided

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

ineffective assistance by failing to properly advise him about the risk of consecutive sentencing under U.S.S.G. § 4B1.1(c)(2)(A) prior to his guilty plea, and (iii) the district court abused its discretion by denying his motion to withdraw his guilty plea.

Dean's challenge to his sentence is barred by the knowing and voluntary appeal waiver in the plea agreement, which the Government seeks to enforce. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). In addition, the record is not sufficiently developed to allow us to make a fair evaluation of Dean's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *see also Massaro v. United States*, 538 U.S. 500, 503-09 (2003).

We review the district court's denial of the motion to withdraw guilty plea for abuse of discretion. *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Dean fails to show an error of law or a clearly erroneous assessment of the evidence in the district court's determinations that he failed to assert his innocence, that he waited seven months after his guilty plea to move to withdraw it, that he had the close assistance of counsel, and that his guilty plea was knowing and voluntary notwithstanding his claim of ineffective assistance. *See Powell*, 354 F.3d at 370; *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984); *see also United States v. Strother*, 977 F.3d 438, 445-46 (5th Cir. 2020). Considering the totality of the circumstances, the district court did not abuse its discretion in weighing these factors against Dean and denying his motion. *See Powell*, 353 F.3d at 370.

AFFIRMED.