# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2026

Lyle W. Cayce
Clerk

No. 25-30022
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MAURICE FLORANT,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-12-1

———————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Maurice Florant pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In challenging his within-Guidelines 180-months' imprisonment sentence with three years of supervised release, he contends: the district court abused its discretion by denying his motion to withdraw his

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

guilty plea; and his counsel was ineffective on various grounds.    His assertions fail.

Denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019).  A court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal".  Fed. R. Crim. P. 11(d)(2)(B). The burden of establishing a fair and just reason rests with defendant. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Courts consider the following factors in determining whether to permit withdrawal:  whether defendant asserted his innocence; whether the Government would suffer prejudice if the withdrawal were granted; whether defendant delayed in filing his motion; whether the withdrawal would substantially inconvenience the court; whether close assistance of counsel was available; whether the original plea was knowing and voluntary; and whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).  This inquiry is a totality-of-the-circumstances analysis. *Lord*, 915 F.3d at 1014.  Florant contends each *Carr* factor weighs in his favor.

Concerning the first, he did not assert his innocence before the district court.  Next, the court concluded withdrawal of the guilty plea would:  prejudice the Government; substantially inconvenience the court; and waste judicial resources (second, fourth, and seventh factors, respectively). Florant contends:  the court erred by failing to conduct a case-specific analysis for these factors; and they weigh in his favor.

His first assertion is foreclosed by our court's precedent. *E.g.*, *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991) (holding no abuse of discretion by "district judge [that] did not make specific findings on each of the *Carr* factors").  For his second contention, even if all three factors weigh

in his favor, "they do not tip the scales to the extent necessary to find an abuse of discretion" because "[t]he remaining *Carr* factors all support the district court's rulings". *Id.*

Florant also contends the court "seemingly ignored the [delay in filing motion] factor entirely", although he acknowledges the court concluded it was "questionable". He filed his motion to withdraw his guilty plea about 11 weeks after he entered it. Our court has held much shorter delays weighed against granting withdrawal. *E.g.*, *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (six-week delay).

Florant's contending the close-assistance-of-counsel factor favors him also fails. He mistakenly maintains this factor furthers his position because his counsel was ineffective. *See United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009) (holding close assistance of counsel and ineffective assistance of counsel distinct issues). His primary support for this contention rests on the discrepancy in his sentencing-exposure estimate as provided by his counsel, and the advisory range in the draft presentence investigation report. His contentions are meritless. *See id* at 647–48 (holding district court did not abuse discretion by denying withdrawal motion based on claim that defense counsel provided incorrect sentencing exposure).

Finally, Florant's knowing-and-voluntary-plea assertions are unavailing. He first contends the court erred by concluding this factor weighed against him because of the court's compliance with Federal Rule of Criminal Procedure 11. He fails to cite any controlling authority showing the court abused its discretion in doing so. *See United States v. Vonn*, 535 U.S. 55, 58 (2002) (stating Rule 11 is "meant to ensure that a guilty plea is knowing and voluntary"). His second assertion—that his counsel coerced him to sign a factual basis that included unnecessary admissions—is unsupported by the record. *See United States v. Strother*, 977 F.3d 438, 446 (5th Cir. 2020).

No. 25-30022

As a separate issue, Florant contends, for the first time on appeal, that he received ineffective assistance of counsel. "Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (citation omitted). Because "the record is undeveloped as to trial counsel's conduct and motivations", we "deny this claim without prejudice to collateral review". *Id.* (citation omitted).

AFFIRMED.